# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL DION MILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action Number: 5:20-cv-00097-LCB |
| | ) |
| HUNTSVILLE POLICE | ) |
| DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT CITY OF HUNTSVILLE, ALABAMA

Defendant City of Huntsville, Alabama (the "City") submits this reply brief in further support of its motion to dismiss, which is currently pending in this case.

## I.     INTRODUCTION

On March 10, 2020, the City moved to dismiss (1) all federal constitutional tort claims under 42 U.S.C. § 1983 against it; (2) all claims against Investigator Preston Schmitt in his official capacity; (3) all claims against the "Huntsville Police Department" ("HPD"); and (4) all requests for punitive damages against the City. (Docs. 9-10). Initially, plaintiff was supposed to respond to the City's motion to dismiss by April 21, 2020, but the Court extended this deadline until May 5, 2020 at plaintiff's request. (Docs. 15, 19-20). This extended deadline has now come and

gone without any response whatsoever from plaintiff. As such, the City's motion to dismiss is unopposed and due to be granted in all respects.

## II. ARGUMENT

### A. Plaintiff Has Conceded The City's Motion to Dismiss By Not Responding.

Despite the Court giving him more time to respond, plaintiff has neglected to address any aspect of the City's motion to dismiss. Multiple cases within the Eleventh Circuit and beyond have held that the failure of a party to respond or oppose a pending dispositive motion can constitute an abandonment of the claims at issue in that motion. See, e.g., Chambers v. Cherokee Cnty., 743 F. App'x 960, 962 (11th Cir. 2018) ("The district court correctly determined that Chambers abandoned her equal protection, due process, and conspiracy arguments by failing to address Defendants' contentions against them before the district court."); Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that party's failure to brief and argue an issue before district court was grounds for declaring it abandoned); Montgomery v. Specialized Loan Servicing, LLC, 772 F. App'x 476 (9th Cir. 2019) (finding that "district court properly dismissed plaintiffs' remaining claims because plaintiffs failed to respond to the arguments raised in defendants' motion to dismiss these claims"); Black v. Panola Sch. Dist., 461 F.3d 584, 588 n. 1 (5th Cir. 2006) (finding that plaintiff

abandoned claim by failing to defend it in response to motion to dismiss); Fox v. American Airlines, Inc., 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (finding no error where district court granted motion to dismiss based on reasoning that plaintiffs' failure to respond to motion within prescribed time renders motion conceded); Cherry v. Univ. of Alabama Huntsville, 2014 WL 513271, at *2 (N.D. Ala. Feb. 7, 2014) ("In light of Mr. Cherry's failure to address the University's [motion to dismiss] arguments, Mr. Cherry has waived his right to do so.") (Kallon, J.); Hall v. BAC Home Loans, 2013 WL 2248253, at *6–7 (N.D. Ala. May 21, 2013) (concluding that "failure by a plaintiff to respond to a motion to dismiss argument constitutes an abandonment of that claim") (Coogler, J.); Demmons v. Fulton Cnty., 2010 WL 3418325, at *11 (N.D. Ga. Aug. 2, 2010), report and recommendation adopted by, 2010 WL 3418328 (N.D. Ga. Aug. 25, 2010) ("Failure to respond to an opposing party's argument constitutes abandonment of th[e] [opposed] claim and warrants its dismissal.") (citation omitted); Hooper v. City of Montgomery, 482 F.Supp.2d 1330, 1334 (M.D. Ala. 2007) (concluding that plaintiff's failure to respond to claims in defendant's motion to dismiss resulted in dismissal of those claims as abandoned); Hudson v. Norfolk Southern Ry. Co., 209 F.Supp.2d 1301, 1324 (N.D. Ga. 2001) (providing that "[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned[]") (citing Resolution Trust Corp. v. Dunmar Corp., 3 F.3d 587, 599 (11th Cir.

3

1995)). Clearly, if plaintiff had any substantive opposition to the City's motion to dismiss at all, he has surely had ample time and opportunity to present it.

The case of Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039 (7th Cir. 1999), although not directly on point because the plaintiff did offer some response to the motion to dismiss, is nonetheless persuasive. There, the Seventh Circuit was confronted with a situation where a plaintiff responded to a motion to dismiss by simply asserting that she was not "required at this stage of the litigation to specifically characterize or identify the legal basis of the claims in the complaint" but rather was only required to "assert a colorable claim that has some factual support." Id. at 1041. Writing for the court, Judge Posner aptly explained why the district court was correct to dismiss the plaintiff's claims:

> Where the plaintiff has gone astray is in supposing that a complaint which complies with Rule 8(a)(2) is immune from a motion to dismiss. This confuses form with substance. Rule 8(a)(2) specifies the conditions of the formal adequacy of a pleading. It does not specify the conditions of its substantive adequacy, that is, its legal merit. Suppose the complaint had alleged that the defendants had violated Illinois or federal law by failing to obtain a license to manufacture cigarettes. The complaint would comply with Rule 8(a)(2), but, assuming no such license is required, it would be highly vulnerable to dismissal under Rule 12(b)(6). If the defendants filed a motion to dismiss in which they pointed out that there was no such licensing requirement, it would not be responsive of the plaintiff to say that she was not "required at this stage of the litigation to specifically characterize or identify the legal basis of the claims in the complaint." The

> defendants would have given reasons for dismissing the complaint despite its formal beauties, and she would have to give reasons against. Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response. In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.

Id. Just as Judge Posner clearly articulated, it is not the job of this Court to serve as *de facto* counsel and construct legal arguments on plaintiff's behalf. As such, the Court should treat plaintiff's utter failure to respond to the City's motion to dismiss as a concession of the City's defenses and a complete abandonment of the claims at issue in the motion. In fact, this is an even stronger case for dismissal than in Kirksey because at least the plaintiff there did not ignore the motion to dismiss like plaintiff has ostensibly done here.

### B. In any Event, the City Is Due to Be Dismissed as a Defendant on the Merits.

The City will not burden the record with a detailed rehashing of the arguments supporting its motion to dismiss. However, a brief overview may be helpful to the Court if for no other purpose to highlight each of the City's defenses that plaintiff has failed to rebut in any way. First, the City showed that HPD, a departmental unit of the City, is not a suable entity and therefore is not a proper defendant in this case. (Doc. 10, pp. 5-6). Second, the City showed that none of plaintiff's claims asserted

5

via 42 U.S.C. § 1983 are legally cognizable because he does not identify in his complaint any "policy" or "custom" of the City that allegedly caused the violation of his "constitutional rights" as required by Monell v. Dep't of Social Servs., 436 U.S. 658, 691-92 (1978) and its progeny. (Id. at pp. 6-14). Third, the City showed that any official-capacity claims against Investigator Schmitt are merely another way of pleading a cause of action against the City itself and thus these claims are redundant and unnecessary to the extent the City is already a separately-named defendant. (Id. at pp. 14-15). Fourth, the City showed that any request for punitive damages against the City is improper because such relief is not available as a matter of law under section 1983. (Id. at p. 15).

Plaintiff's absolute failure to counter these specific defenses raised by the City is telling. Indeed, the reason plaintiff has no opposition to the City's motion to dismiss is because there is nothing he can legitimately refute here—legally or factually. Accordingly, beyond the fact that plaintiff's total lack of response is tantamount to a concession and abandonment of the claims in question, the larger and inescapable problem for plaintiff is that his claims against the City cannot withstand dismissal on their merits.

### III.   CONCLUSION

For all reasons set forth in this brief as well as the City's principal brief, the Court should dismiss (1) all federal constitutional tort claims under section 1983

against the City; (2) all claims against Investigator Schmitt in his official capacity; (3) all claims against HPD; and (4) all requests for punitive damages against the City.

*S/C. Gregory Burgess*
C. Gregory Burgess (ASB-1519-R79C)
Lauren A. Smith (ASB-0432-E48S)
Stephanie M. Gushlaw (ASB-1050-F67A)

**Attorneys for defendant City of Huntsville, Alabama**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama  35804
Telephone Number:  (256) 535-1100
Facsimile Number:   (256) 533-9322
Email: cgb@lanierford.com
         las@lanierford.com
         smg@lanierford.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following non-CM/ECF participant by depositing a copy in the United States Mail, first class, postage prepaid, addressed to him this the 15th day of May, 2020.

MICHAEL DION MILTON

2213 Atkins Drive
Huntsville, Alabama 35810

                                                  *S/C. Gregory Burgess*
                                                  C. Gregory Burgess